UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:04-CR-167 |
| v. | ) | (JORDAN/SHIRLEY) |
| | ) | |
| RAGIP MUNGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge referring the Motion to Compel Post-Judgment Discovery [Doc. 151], filed by the United States, to the undersigned for disposition.

On June 15, 2005, judgment was entered against the Defendant in this case for joint and several restitution in the amount of $5,116,858.00. The United States represents that, since entry of the judgment, the Defendant has made payments in the amount of $18,263.04 toward satisfaction of the judgment debt. In its motion to compel, the United States further represents that on February 10, 2014, it served requests [Docs. 153-1, 153-2] for post-judgment discovery related to recovering the court-order restitution. On March 26, 2014, the United States informed the Defendant of its intent to move to compel the Defendant's responses if necessary. The United States has not received any responses to its discovery requests. The United States submits that the information is "clearly relevant to locating assets that may be subject to execution and are reasonably calculated to lead to the discovery of such assets." [Doc. 151 at 2].

Assistant United States Attorney Suzanne H. Bauknight has submitted a declaration [Doc. 153] attesting to the above facts.

The motion to compel was filed on April 22, 2014, and Ms. Bauknight certified that a copy of the motion was mailed to Ragip Sinan Mungan, 12709 Sauer Point, Knoxville, TN 37922, on the same date.

The Defendant has not responded to the motion to compel, and the time for doing so has expired. See Fed. R. Civ. P. 6(d), 5(b)(2)(E); E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, Tenn., No. 1:10–CV–278, 2012 WL 369090, at *2, n.5 (E.D. Tenn. 2012) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

Accordingly, the Court finds that the Motion to Compel Post-Judgment Discovery [**Doc. 151**] is well-taken, and it is **GRANTED in part** and **DENIED in part** as follows. Defendant Ragip Mungan **SHALL RESPOND** to the post-judgment discovery that has been served upon him on or before **June 6, 2014**. The Court will not award fees or expenses at this time. However, failure to comply with this Memorandum and Order may result in the Court issuing sanctions, including an award of fees and expenses or other monetary sanctions. See Fed. R. Civ. P. 37(b)(2).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge